# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Chung et al.

v.

Medical Protective Co.

January 28, 2004

Case No. CL030334

BY JUDGE JOHN E. KLOCH

On Motions Day January 14, 2004, this Court took under advisement the cross-motions for summary judgment in this case. This is a case following two malpractice cases, one medical, one legal. For the reasons explained below, this Court rules as follows.

Plaintiff moved for partial summary judgment that would dismiss Defendant's claim of equitable subrogation to the $1 million settlement. Plaintiff's grounds for partial summary judgment is that Defendant is not entitled to equitable subrogation in this case because of the collateral source rule, among other reasons. Plaintiff's motion for partial summary judgment is denied.

Defendant moved for summary judgment seeking a declaration by this Court in favor of its counterclaim that equitable subrogation is available to Defendant. Defendant's motion for summary judgment is granted to the extent that equitable subrogation is available to the Defendant. How much the Defendant is entitled to in damages, however, will depend on evidence presented at the trial.

Virginia cases that deal with equitable subrogation suggest that such cases require a study of the facts of each case and a balance of the equities. "Subrogation is the substitution of another person in the place of the creditor to whose rights he succeeds in relation to the debt. This doctrine is not dependent upon contract, nor upon privity between the parties; it is the creature of equity, and is founded upon principles of natural justice." *Federal Land Bank v. Joynes*,

179 Va. 394, 401, 18 S.E.2d 917 (1942). Indeed, subrogation "was first applied only in the case of sureties, but, through a process of liberalization, its scope of application has been enlarged." *Id.*

The case at bar involves the potential rights of two parties to one settlement. Defendant was obliged by its insurance coverage for Plaintiff to pay the patient in the underlying medical malpractice case. The legal malpractice case that ensued from the medical malpractice case established that the patient was in fact not entitled to money as the patient would not have won at trial. In *Centreville Car Care, Inc. v. North American Mortgage Co.*, the party who was in fact first in priority of creditors to loans secured by property, on appeal, beat out a third party's claim of equitable subrogation to be first in priority. 263 Va. 339, 559 S.E.2d 870 (2002). In the *Centreville* Case, the third party in line for priority on the subject property, appellee North America Mortgage, was incorrectly paid ahead of Centreville. Balancing the equities, the Virginia Supreme Court overruled the lower court and gave Centreville priority over North America in the creditors line. The Court explained that North American Mortgage was negligent by failing to discover a second deed of trust to the property in question, and was consequently behind Centreville in priority of creditors secured by said property. Further, the Court explained that there would be little reason for the new owners of the property to pay debts on the property to the correct lenders when the priority of liens was incorrect.

In the *Centreville* Case, the wrong party, North America, received payment. The Court used equitable subrogation to straighten out the priority of creditors. In the present case, equitable subrogation will be used to solve the problem of who now gets paid after the wrong party, the patient in the underlying malpractice case, was paid. Equitable subrogation will be the principle on which this Court will balance the equities to determine what amount of the $1 million settlement proceeds will go to the two parties who now claim it.

The Plaintiff's motion for summary judgment is denied. The Defendant's motion for partial summary judgment is granted as to Defendant's right to equitable subrogation to part or all of the settlement proceeds of the legal malpractice case. A trial will be necessary to ascertain the damages sustained by each party. Damages will be limited to the provable damages as pleaded by the parties in their respective Motions for Judgment in the legal malpractice cases against John Doe.